CAPITOL SQUARE REVIEW AND ADVISORY
BOARD ET AL. *v.* PINETTE ET AL.

No. A-517.   Decided December 23, 1993

JUSTICE STEVENS, Circuit Justice.

Today is Thursday, December 23, 1993. Yesterday evening applicants filed with me, in my capacity as Circuit Justice for the Sixth Circuit, an application for a stay of an injunction entered by the District Court and upheld by the Court of Appeals. The injunction required applicants to allow respondents, the Knights of the Ku Klux Klan and its leading officers, to erect a large Latin cross in front of the Ohio Statehouse in Columbus, Ohio. As I understand the situation, the cross is in place now and is scheduled to be removed tomorrow. If I were to grant the application forthwith, it would be removed today—unless, of course, respondents could persuade the full Court to reinstate the injunction.

The case is unique because the District Court found that the local government has effectively disassociated itself from the display:

"Indeed, the 'reasonable' observer—being an individual who is knowledgeable about local events—might well know by virtue of all of the recent media coverage that the state of Ohio as represented by its leading elected

officials opposes the display of the cross and any mes-
sages which might reasonably be associated with this
display by the Klan. Moreover, the reasonable ob-
server would likely know that a menorah was displayed
during the celebration of Hanukkah, and a Christmas
tree has been displayed throughout the month of Decem-
ber. From all of this, the reasonable observer should
conclude that the government is expressing its tolera-
tion of religious and secular pluralism." No. C2–93–
1162 (SD Ohio, Dec. 21, 1993), p. 13.

In their application, applicants do not dispute the accuracy
of that finding.

Whether or not applicants' legal position is sound (and my
opinion in *Allegheny County* v. *American Civil Liberties
Union, Greater Pittsburgh Chapter,* 492 U. S. 573, 646–655
(1989), explains why I am not unresponsive to their argu-
ments), they must shoulder the burden of persuading me that
irreparable harm will ensue if I do not grant their application.
Frankly, it is my opinion that whatever harm may flow
from allowing the privately owned cross to remain in place
until tomorrow has probably already occurred. Moreover,
because the legal issues are presumably capable of repeti-
tion, I do not believe the case will become moot when the
cross is removed tomorrow. Rather than asking my col-
leagues to resolve those issues summarily, applicants may be
well advised to marshal their arguments in a certiorari peti-
tion that can be considered with appropriate deliberation.

For these reasons, I shall defer to the judgment of the
Court of Appeals and deny the application.

*It is so ordered.*